UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CR-72(01) RM |
| | ) | |
| JEROME WILLIAMS, JR. | ) | |

OPINION AND ORDER

A jury found Jerome Williams guilty on both counts of the indictment on November 5, 2008. He was sentenced on April 3, 2009, and the court of appeals affirmed his conviction. *See* United States v. Williams, ___ F.3d ___, 2009 WL 3271190 (7th Cir. Oct. 14, 2009). Mr. Williams is now before the court requesting copies of "transcripts and report of proceedings." Mr. Williams says he is indigent so the documents should be provided to him at no cost.

Mr. Williams' request is being made post-appeal, and although an indigent prisoner must be provided "with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal," Britt v. North Carolina, 404 U.S. 226, 227 (1971), the government isn't constitutionally obligated to provide free transcripts to a prisoner after an appeal. However, 28 U.S.C. § 753(b) has been construed to allow an indigent defendant to obtain free copies of documents that are in the court's file if he shows that he has exhausted all other means of access to the file and that the documents requested are necessary for preparation of a specific, non-frivolous court action. *See* United States v. Rush,

559 F.2d 455, 459 (7th Cir. 1977); Everette v. United States, No. 07-CR-139, 2008 WL 4279931, at *1 (E.D. Wis. Sept. 17, 2008).

Provision of copies of transcripts that haven't been prepared is governed by 28 U.S.C. § 753(f), which provides that

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge . . . certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

Thus, a district court has the power to order that a free transcript be furnished "if it finds that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented." United States v. MacCollom, 426 U.S. 317, 325 (1976) (*citing* 28 U.S.C. § 753(f)). Courts have interpreted the language of § 753(f) to mean that until a prisoner has actually filed a petition pursuant to 28 U.S.C. § 2255, he is not entitled to have a transcript provided to him at public expense. *See, e.g.,* United States v. Horvath, 157 F.3d 131 (2nd Cir. 1998); Hansen v. United States, 956 F.2d 245 (11th Cir. 1992); United States v. Losing, 601 F.2d 351 (8th Cir. 1979); United States v. Groce, 838 F. Supp. 411 (E.D. Wis. 1993); *see also* United States ex rel. Davidson v. Wilkinson, 618 F.2d 1215, 1219 (7th Cir. 1980) (recognizing that "[o]nce a § 2255 motion is filed, 28 U.S.C. § 753(f) provides the funds for a transcript if 'the suit or appeal is . . . not frivolous and . . . the transcript is needed to decide the issue presented by the suit'").

Mr. Williams says he is indigent, but has filed no documentation to support his claim of indigency. He notes he isn't currently represented by counsel, but hasn't stated or demonstrated that he has exhausted other means of access to the documents he seeks. The form Mr. Williams has submitted states in paragraph 3 that "he is in need of his transcripts in order to file a U.S.C. § 2255 petition," but that statement is insufficient to meet the requirements of 28 U.S.C. § 753(f).

Before the court can decide if Mr. Williams is entitled to copies of the requested documents free of charge, he must (1) demonstrate that he is unable to pay for copies (i.e., through a certified record of his prison account), (2) show that he has exhausted all other means of access to the documents (i.e., through his trial and/or appellate counsel), and (3) make some showing as to the purpose for which the requested documents are sought. *See* Rush v. United States, 559 F.2d 455 (7th Cir. 1977); Tolliver v. United States, No. 07-CV-525, 2008 WL 5057302 (S.D. Ill. Nov. 21, 2008). Mr. Williams' request [docket # 96] is, therefore, DENIED without prejudice.

SO ORDERED.

ENTERED:   November 30, 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: J. Williams, Jr.
    D. Schmid