UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CAUSE NO. 3:08-CR-72(01) RM |
| ) | |
| JEROME WILLIAMS, JR. ) | |

OPINION and ORDER

Jerome Williams has again requested copies of documents from his case. In response to the court's November 30, 2009 order, Mr. Williams says he contacted his former counsel to obtain copies of the requested documents, but got no response; he also says he plans to file a petition under 28 U.S.C. § 2255. Mr. Williams seeks copies of the trial transcript, motions, witness interviews, and "all other materials in concerns with [his] case." His request for transcripts and request for other documents must be addressed separately. *See* United States ex rel. Davidson v. Wilkinson, 618 F.2d 1215, 1218-1219 (7th Cir. 1980); Rush v. United States, 559 F.2d 455, 458-459 (7th Cir. 1977).

To the extent Mr. Williams asks for the trial transcript, his request is granted in part. Mr. Williams is entitled to review the transcripts from his trial that were previously prepared and are in the court's file. Mr. Williams' right to review those transcripts "is not unfettered, given the substantial public interest . . . in ensuring that appropriate safeguards are in place to maintain the record's integrity," United States v. Groce, 838 F. Supp. 411, 417 (E.D. Wis. 1993), so the court will direct that the trial transcripts be sent to the warden of the appropriate

federal institution for Mr. Williams' review. These transcripts were contained in the record of his appeal.

Mr. Williams' request for copies of "motions" and "all other materials" must be denied as too vague for the court to determine what copies he is seeking. Mr. Williams' request for copies of discovery documents and witness interviews must be denied, as well, because those documents are not contained in the court's file. 28 U.S.C. § 753(b) has been construed to allow an indigent defendant to obtain free copies of documents that are in the court's file, but Mr. Williams hasn't shown that he is indigent and so can't obtain copies without first paying for the copies. *See* United States v. Zawada, No. 3:06-CR-120, 2009 WL 1863982, at *1 (N.D. Ind. June 25, 2009); Everette v. United States, No. 07-CR-139, 2008 WL 4279931, at *1 (E.D. Wis. Sept.17, 2008). If Mr. Williams wants a copy of a document filed in this case, he (or someone on his behalf) must first prepay $.50 per page for the copies.

Accordingly, the court GRANTS IN PART and DENIES IN PART the request for transcripts and other documents [docket # 98] as follows:

> (a) Mr. Williams' request for copies of discovery documents, witness interviews, motions, and other materials is DENIED. The clerk is directed to send a copy of the docket sheet and a § 2255 complaint to Mr. Williams, and Mr. Williams is advised that he may order copies of specific documents listed on the docket sheet by contacting the Clerk of the court about pre-payment for the copies.

(b) Mr. Williams' request for copies of transcripts is GRANTED to the extent that Mr. Williams will be allowed to review the trial transcript [docket # 72, # 73, # 74, and # 90] for a period of thirty days. The clerk is directed to forward those transcripts to the warden of the appropriate federal facility via certified mail, and the warden of that facility is directed to make the transcripts available to Mr. Williams only under the direct supervision of a prison official and at such times, places, and circumstances as the warden shall deem necessary to insure that the transcripts remain intact without alteration, destruction, or other change. The transcripts are to be returned to the court via certified mail at the expiration of that thirty day period.

SO ORDERED.

ENTERED:  May 18, 2010

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: Warden, FCI Terre Haute
J. Williams, Jr.
D. Schmid