UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEROME WILLIAMS, JR., )<br>)<br>    Petitioner )<br>)<br>  vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent ) | CAUSE NO. 3:10-CV-531 RM<br>(Arising out of 3:08-CR-72(01)RM) |

OPINION and ORDER

Jerome Williams filed his motion under 28 U.S.C. § 2255 on December 21, 2010 and the government has until February 3, 2011 to file its response. Mr. Williams now asks to amend his § 2255 petition by adding a claim; he has also requested that transcripts and various documents be forwarded to him pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings. To allow Mr. Williams to present all his claims, the court will allow him to amend his § 2255 petition to add his claim of ineffective assistance of counsel, designated as "Ground Twelve" in his January 18, 2011 motion. The court will also grant the government's request for additional time to respond to Mr. Williams' claims. The court now considers Mr. Williams' § 2255 claims to be complete and anticipates granting no further motions to amend.

In Mr. Williams' letter to the clerk of the court, filed January 12, he asked for a transcript of docket entry 18, an August 15, 2008 hearing on his motion to continue trial, and testimony by Agent Bennett at the March 9, 2009 sentencing

hearing. The transcript of March 9 sentencing hearing has been prepared, so the court will grant Mr. Williams' request for Agent Bennett's testimony. Because no transcript of the August 2008 hearing has been prepared, Mr. Williams' request is governed by 28 U.S.C. § 753(f), which permits transcripts for § 2255 proceedings to be furnished at public expense if the court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." Mr. Williams explains that he wants to use the transcripts in connection with his § 2255 petition, but his statement that the "materials are very important" isn't enough to permit the court to certify that the transcript of that hearing is necessary to decide the issues presented in his § 2255 petition, so the request for that transcript must be denied.

Mr. Williams has also requested copies of a number of documents: docket entry 1, the original complaint against him; reports of drug and firearm analyses; promises made by the government to witnesses; interviews with Ernie Bragg; interviews with Chris Deguch; a state complaint; and affidavits from government informants. A review of the record in this case shows that, with the exception of docket entry 1, none of the other documents Mr. Williams seeks are contained in the court's file. Thus, the court will provide Mr. Williams with a copy of the one available document, but must deny his request for the others.

Mr. Williams lastly asks the court to order his trial attorney, H. Jay Stevens, and appellate attorney, David P. Jones, to turn over all materials pertaining to his

case. The court declines Mr. Williams' request to order counsel to provide him with materials contained in their files.

Based on the foregoing, the court

(a) GRANTS Mr. Williams' request to amend his § 2255 to add Ground Twelve as contained in his January 18 motion [docket # 109];

(b) GRANTS the government's motion for an extension of time [docket # 111] and AFFORDS the government to and including March 7, 2011 to file its response brief;

(c) GRANTS IN PART Mr. Williams' request for copies of transcripts and documents [docket # 108] and DIRECTS the clerk to provide Mr. Williams with a copy of docket entry 1, the criminal complaint, and the portion of the March 9, 2009 sentencing hearing containing the testimony of Agent Bayne Bennett; and

(d) DENIES Mr. Williams' motion for discovery [docket # 110].

SO ORDERED

ENTERED:   January 27, 2011

    /s/ Robert L. Miller, Jr.
    Judge, United States District Court

cc: J. Williams
    AUSA Schmid