UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEROME WILLIAMS, JR., ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | CAUSE NO. 3:10-CV-531 RM |
| ) | (Arising out of 3:08-CR-72(01)RM) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

OPINION and ORDER

On January 27, 2011, the court denied Jerome Williams' motion for discovery in which he asked for copies of documents not contained in the court's file. Mr. Williams now asks that the court reconsider the denial of his discovery requests, clarifying that he isn't asking that the court turn over the documents, but, rather, that the court order the government to provide the documents to him. Mr. Williams hasn't identified the rule governing his motion for reconsideration, but says his request for discovery is brought pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.[1]

Mr. Williams seeks materials relating to witnesses who testified against him at trial, specifically, a police interview of Ernie Bragg, a March 2008 police interview with Chris Deguch, and information about "the deal" promised to Calvin Wells. Mr. Williams claims those materials were never made available to him in

---

[1] Mr. Williams' motion mistakenly references Federal Rule of Civil Procedure 6.

violation of Brady v. Maryland, 373 U.S. 83 (1963), and, according to Mr. Williams, the materials would establish certain claims of his § 2255 petition.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). However, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rules Governing § 2255 Cases, Rule 6(a). Under Rule 6(b) of the Rules Governing § 2255 Cases, the party bringing the motion "must provide reasons for the request," which requires him to "show good cause for the discovery" and "make a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation." Hubanks v. Frank, 392 F.3d 926, 933 (7th Cir. 2004).

Mr. Williams claims that the interview materials he seeks were never disclosed to the defense, but the trial transcript disproves his claim: during cross-examination of Ernie Bragg and Chris Deguch, Mr. Williams' counsel questioned each man about his drug use, criminal record, and involvement with Mr. Williams and also asked each man specific questions from and about the statements they made to police, establishing that Mr. Bragg's and Mr. Deguch's prior statements to police were made available to the defense before trial. *See* Tr., at 184-200 (C. Deguch); 284-311 (E. Bragg). Mr. Williams hasn't demonstrated how the discovery he seeks relating to Mr. Bragg or Mr. Deguch would establish a constitutional violation.

Mr. Williams also asks for discovery relating to promises he claims the government made to Calvin Wells. The record shows that Calvin Wells testified at Mr. Williams' trial, in response to questions on direct examination and cross-examination, that he hadn't been offered a deal for his testimony. *See* Tr., at 248; 252-253. Mr. Williams' speculation to the contrary can't establish good cause for the discovery. *See* Hubanks v. Frank, 392 F.3d at 933 ("Good cause . . . cannot exist where the facts alleged do not provide a basis for relief."); Scott v. Jett, 380 Fed. Appx. 539, 541 (7th Cir. 2010) ("[I]f a petitioner fails to show good cause, i.e., that the sought-after discovery would likely influence the outcome of his petition, the district court commits no abuse of discretion in denying his request."), *vacated on other grounds*, Scott v. Lockhart, No. 09-3436, 2010 WL 4883222 (7th Cir. Oct. 5, 2010).

Mr. Williams was allowed access to the trial transcript before the filing of his § 2255 petition; he filed his petition and has submitted more than 160 pages of argument and exhibits in support of his claims. Because Mr. Williams hasn't shown good cause for further discovery in connection with his petition, the court DENIES his motion to reconsider and his request that the government be ordered to provide him with discovery materials [docket # 114].

SO ORDERED.

ENTERED:   February 25, 2011

    /s/ Robert L. Miller, Jr.
Judge, United States District Court

cc:  J. Williams
     AUSA Schmid