UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEROME WILLIAMS, JR., | ) |
| Petitioner | ) |
| vs. | ) CAUSE NO. 3:10-CV-531 RM |
| | ) (Arising from 3:08-CR-72(01) RM) |
| UNITED STATES OF AMERICA, | ) |
| Respondent | ) |

## OPINION and ORDER

Based on issues raised by Jerome Williams in his petition filed pursuant to 28 U.S.C. § 2255, he was resentenced and an amended judgment was entered on March 16, 2012. On March 23, Mr. Williams, through counsel, filed his Notice of Appeal; three days later, Mr. Williams filed a *pro se* "Motion to Direct the District Court to Fully Adjudicate on Claims in 2255" and a *pro se* "Motion in Arrest of Judgment," motions in which he argues that the grounds raised in his § 2255 petition remain for decision and that his indictment was wrongfully amended by the government.

The motions filed by Mr. Williams, who continues to be represented by counsel, don't carry the signature of counsel. As long as Mr. Williams is represented by counsel, he cannot make *pro se* filings; his counsel must manage the litigation and all filings must be made through counsel. *See* FED. R. CRIM. P. 49(d); FED. R. CIV. P. 11(a).

Even if Mr. Williams's filings been properly filed, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Wisconsin Mut. Ins. Co. v. United States, 441 F.3d 502, 504 (7th Cir. 2006) (*quoting* Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). While a district court may act on certain matters after the filing of a notice of appeal, *see* Fed. R. Civ. P. 60(a) (addressing correction of clerical errors in judgments or orders); Kusay v. United States, 62 F.3d 192, 194 (7th Cir. 1995) ("district court may address ancillary questions such as costs, the registration of judgments, and motions for certificates of probable cause"); Patzer v. Board of Regents of Univ. of Wisc. Sys., 763 F.2d 851, 859 (7th Cir. 1985) (notice of appeal doesn't affect court's power to act on petition for attorney fees), a district court may not address those issues involved in the appeal. Griggs v. Provident Consumer Discount Co., 459 U.S. at 58; May v. Sheahan, 226 F.3d 876, 879 (7th Cir. 2000). Mr. Williams's request for relief – that an evidentiary hearing be held and the jury's verdict be set aside – is precisely the aspect of the case involved in his appeal. Once Mr. Williams filed his notice of appeal, the court lost the power to entertain his motions relating to his § 2255 petition and, accordingly, his motion must be denied.

Based on the foregoing, the court DECLINES to consider the merits of Mr. Williams's *pro se* motions [dockets 6 & 7] as not properly before this court.

SO ORDERED.

ENTERED:   March 29, 2012

                              /s/ Robert L. Miller, Jr.
                        Judge, United States District Court


cc:   J. Williams
      C. Holesinger
      D. Schmid