UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

| | | |
|---|---|---|
| JEROME WILLIAMS, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:10-CV-531 RM |
| | ) | (Arising out of 3:08-CR-72 RM) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## OPINION and ORDER

Jerome Williams is before the court seeking relief pursuant to Federal Rule of Civil Procedure 60(b) based on his claim that the court failed to rule on Claim 2 of his petition filed pursuant to 28 U.S.C. § 2255. Mr. Williams has also filed a motion pursuant to Federal Rule of Civil Procedure 15(c)(1)(B) asking that he be allowed to amend his § 2255 petition to add a claim.

A review of the record in this case shows the following. Mr. Williams advanced Claim 2 in his petition as follows: "Counsel unprofessionally failed to move for dismissal of the indictment on the ground that it failed to plead (1) federal jurisdiction of a single violation involving 50 grams or more of cocaine base (crack), and (2) the failure to object to the joinder of offenses in Count I under Fed. R. of Evidence 403 and 404(b) and Fed. R. Cri. P. 14. That the movant would be prejudice by the joinder of offenses in Count I." Section 2255 Petn. (Dec. 21, 2010, docket # 101), at 5. In response, the government conceded that no witness had

testified that he or she had purchased 50 grams or more of cocaine base from Mr. Williams in a single transaction, as required by 21 U.S.C. § 841(b)(1)(A), so Mr. Williams's conviction should be affirmed, but he should be resentenced based on the lesser included offense of distributing cocaine base under 21 U.S.C. § 841(b)(1)(C). Resp. (Mar. 7, 2011, docket # 121), at 12-14. Following the filing of Mr. Williams' sreply brief, the court denied Claims 1 and 3-12 of his § 2255 petition and appointed counsel to represent him at a hearing on Claim 2, the only remaining claim of his petition. *See* Op. and Ord. (May 31, 2011, docket # 131); Op. and Ord. (Oct. 5, 2011, docket # 150).

A hearing was held on October 25, 2011 on Claim 2 of Mr. Williams's petition. Mr. Williams was present in person and was represented by counsel. The court heard argument from counsel relating to whether Mr. Williams should be afforded a new trial on Count 1 of the indictment, the position taken by Mr. Williams and his counsel, or should be resentenced based on a lesser included offense, as the government argued, because drug quantities aren't an element of the offense of conviction. Based on its consideration of the parties' arguments and submissions, the court denied Mr. Williams's request for a new trial, vacated his sentence of life imprisonment on Count 1 of the indictment, ordered that a revised presentence investigation report be prepared, afforded counsel time to file sentencing memoranda, and scheduled a resentencing hearing. *See* Op. and Ord. (Nov. 9, 2011, docket # 156); Notice (Nov. 16, 2011, docket # 159).

The resentencing hearing was held on March 15, 2012. Mr. Williams, who was represented by counsel at the hearing, was also present in person and was given an opportunity to address the court. Mr. Williams and his counsel both argued that because the indictment charged him with distributing over 50 grams of crack cocaine, he didn't have notice that he would have to defend against claims by numerous witnesses that they bought crack from him, while no one transaction involved over 50 grams of the drug. Counsel for Mr. Williams and for the government also addressed the sentence Mr. Williams should receive. The court resentenced Mr. Williams to a term of 360 months on Count 1, with that term to run consecutively to the 60-month sentence he previously received on Count 2. *See* Resent. Hrg. Tr. (Apr. 26, 2012, docket # 197); Resent. Memo. (Mar. 15, 2012, docket # 176). In a separate order, the court noted that counsel had agreed that all outstanding issues in Mr. Williams' § 2255 petition had been addressed and, so, denied Mr. Williams any further relief on his petition. *See* Ord. (Mar. 15, 2012, docket # 178). An amended judgment was entered that same day. *See* Amd. Judg. (Mar. 15, 2012, docket # 177).

On March 23, 2012, Mr. Williams filed a notice of appeal of the amended conviction and sentence (docket # 182), and the court of appeals appointed new counsel to represent Mr. Williams on his appeal. *See* Ord. of USCA (June 5, 2012, docket # 202). The court of appeals affirmed Mr. Williams's sentence in an unpublished order dated December 11, 2012. *See* Mandate USCA, Attachment 2 (docket # 209).

The record confirms that no claims raised by Mr. Williams in his § 2255 petition remain outstanding – all claims were considered, an amended judgment was entered, an appeal was taken, and the amended judgment was affirmed. The court, therefore, DENIES Mr. Williams' motions for relief under Federal Rule of Civil Procedure 60(b) [docket # 203, # 205, and # 206], DENIES his motion to amend his § 2255 petition pursuant to Federal Rule of Civil Procedure 15(c) [docket # 208], and DENIES as moot his motions to respond [docket # 210] and for status [docket # 215].

SO ORDERED.

ENTERED:   June 3, 2013

/s/ Robert L. Miller, Jr.
Judge, United States District Court

cc: J. Williams
AUSA Schmid
AUSA Hollar
AUSA Kerkhof

4