UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

| | |
|---|---|
| JEROME WILLIAMS, | ) |
|           Petitioner | ) |
| vs. | ) CAUSE NO. 3:10-CV-531 RM |
| | ) (Arising out of 3:08-CR-72 RM) |
| UNITED STATES OF AMERICA, | ) |
|           Respondent | ) |

OPINION and ORDER

Jerome Williams is before the court seeking relief from the June 3, 2013 denial of his motion filed pursuant to Federal Rule of Civil Procedure 60(b). Mr. Williams has also filed a motion to amend his motion for reconsideration to add an additional argument. The court needs no response from the government.

Mr. Williams claims yet again that the court hasn't ruled on Claim 2 of his petition filed under 28 U.S.C. § 2255. As the court noted when denying Mr. Williams's Rule 60(b) motion, a review of the record of this case confirms that decisions were issued on both Claims 2 and 3 of Mr. Williams' § 2255 petition. With respect to Claim 2[1], counsel was appointed for Mr. Williams [docket # 146]; the court denied Mr. Williams's request that his conviction on Count 1 be set

---

[1] Mr. Williams alleged in Claim 2 that trial counsel "unprofessionally failed to move for dismissal of the indictment on the ground that it failed to plead (1) federal jurisdiction of a single violation involving 50 grams or more of cocaine base (crack), and (2) the failure to object to the joinder of offenses in Count I under Fed. R. of Evidence 403 and 404(b) and Fed. R. Cri. P. 14."

aside and determined that a resentencing hearing was appropriate [docket # 156]; at the resentencing hearing, at which Mr. Williams was present, the court reduced his sentence on Count 1 from a life term to a term of 360 months [docket # 175, 176]; Mr. Williams appealed that sentence [docket # 182]; and the court of appeals affirmed the sentence in an unpublished order dated December 11, 2012 [docket # 209]. With respect to Claim 3[2] of the § 2255 petition, the court denied that claim on May 31, 2011. *See* Op. and Ord. (May 31, 2011), at 28-29 [docket # 131]. Contrary to Mr. Williams' assertion, Claim 2 and Claim 3 weren't confused, and final judgment has been entered on all claims of his § 2255 petition.

Mr. Williams's motion for reconsideration is a rehash of the arguments he made in his Rule 60(b) motion, and his claim in his motion to amend that the Supreme Court recently held in Alleyne v. United States, ___ U.S. ___, No. 11-9335, 2013 WL 2922116 (June 17, 2013), that "drug amounts are elements and must be submitted to the grand jury and petit jury," Mot. to Amend, at 2, is without merit. The Alleyne Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury," 2013 WL 2922116, at *4, so Mr. Williams's reliance on that case is misplaced: Mr. Williams's resentencing on the lesser included offense of distributing cocaine base under 21 U.S.C. § 841(b)(1)(C) resulted in a decrease, not an increase, of his sentence.

---

[2] Ground 3 contained Mr. Williams' claim that his sentencing counsel "unprofessionally failed to object to movant's enhanced sentence pursuant to 21 U.S.C. § 841(b)(1)(A)."

2

The court GRANTS Mr. Williams's motion to amend his motion for reconsideration [docket # 218], but because the record confirms that no claims raised by Mr. Williams in his § 2255 petition remain outstanding, the court DENIES his motion for reconsideration of the denial of his Rule 60(b) motion [docket # 219].

SO ORDERED.

ENTERED:   June 27, 2013

　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　Judge, United States District Court