UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JEROME WILLIAMS, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:10-CV-531 RM |
| | ) | (Arising out of 3:08-CR-72 RM) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

OPINION and ORDER

In June 2013, the court denied Jerome Williams's motion filed pursuant to Federal Rule of Civil Procedure 60(b) and his motion for reconsideration of that order. Mr. Williams argued in those motions that the court had overlooked and failed to rule on a claim contained in his petition filed under 28 U.S.C. § 2255, which resulted in a violation of his due process rights. Mr. Williams filed his notice of appeal of those orders on July 11; the court then granted his request to extend the time to file his request for a certificate of appealability to August 19. To date, Mr. Williams hasn't requested that a certificate of appealability be issued, so the court construes his notice of appeal as containing that request, as well as a request to proceed *in forma pauperis* on appeal.

Issuance of a certificate of appealability requires the court to find that Mr. Williams has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He hasn't done so. The record of this case establishes that Mr. Williams is mistaken that a claim remains pending in his Section 2255

petition. In fact, a resentencing hearing was held on the claim he says remains pending and his sentence was reduced. That Mr. Williams's conviction and sentence weren't vacated as he originally requested in his petition doesn't establish that his due process rights were violated. His request for a certificate of appealability will be denied.

Federal Rule of Appellate Procedure 24(a)(3) provides that a financially indigent person may be permitted to proceed on appeal *in forma pauperis* unless the court "certifies that the appeal is not taken in good faith." In other words, the court must determine "that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000). Because no reasonable person could find that Mr. Williams's appeal has any merit, the court concludes that his appeal is not taken in good faith, and his request for pauper status must be denied.

Based on the foregoing, Mr. Williams's motion for a certificate of appealability and for leave to proceed *in forma pauperis* on appeal are DENIED.

SO ORDERED.

ENTERED:   October 18, 2013

                                        /s/ Robert L. Miller, Jr.
                                        Judge, United States District Court

cc:    J. Williams
       AUSA Schmid; AUSA Hollar; AUSA Cremeans