UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEROME WILLIAMS, JR.,                )
                                     )
                    Petitioner       )
                                     )
        vs.                          )        CAUSE NO. 3:10-CV-531 RLM
                                     )        (Arising out of 3:08-CR-72)
UNITED STATES OF AMERICA,            )
                                     )
                    Respondent       )

OPINION and ORDER

This cause is before the court on Jerome Williams's petition filed under 28

U.S.C. § 2255 relating to the amended judgment entered in this case on March 15,

2012. The court assumes the reader's familiarity with the history of this case and

won't repeat it here. *See* United States v. Williams, 584 F.3d 714 (7th Cir. 2009);

Williams v. United States, Nos. 3:10-CV-531 & 3:08-CR-72, 2011 WL 2147212

(N.D. Ind. May 31, 2011); Williams v. United States, Nos. 3:10-CV-531 & 3:08-CR-

72, 2011 WL 5445728 (N.D. Ind. Nov. 9, 2011); United States v. Williams, 486

Fed. App'x 613 (7th Cir. 2012); Williams v. United States, No. 13-2530, 2013 WL

8020940 (7th Cir. Dec. 13, 2013).

Mr. Williams has asserted seven grounds for relief based on his claims that

his court-appointed counsel, Clark Holesinger, provided ineffective assistance at

the October 25, 2011 evidentiary hearing on Mr. Williams's Section 2255 petition

and at the resentencing hearing that followed on March 15, 2012, and that Yates

French, his court-appointed appellate counsel, provided ineffective assistance on

appeal. The government filed its response, and Mr. Williams has filed a reply. Each ground for relief will be addressed below.

## Standard of Review

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. An examination of the claims of Mr. Williams's petition confirms that no hearing is necessary.

A court should grant a Section 2255 petition to vacate, set aside, or correct a sentence when the petitioner establishes that he was sentenced "in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." United States v. Hays, 397 F.3d 564, 566 (7th Cir. 2005) (citations and internal quotations omitted). To prevail on his claims of ineffective assistance of counsel, Mr. Williams must establish the following two elements:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the

defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).


## Ground 1 – Ineffective Assistance of Habeas Counsel

Mr. Williams first claims Mr. Holesinger was ineffective because he failed to argue that the indictment was flawed. According to Mr. Williams, (1) the law holds that distribution offenses under 21 U.S.C. § 841(a)(1) "must be separately charged when alleged to be at different places, times, and with different people with different drug amounts," and (2) the indictment was prejudicial in that the indictment was "duplicitous that affected sentencing exposure to double jeopardy, shaping of the evidence, and prevented Williams of a defense and caused the indictment to be fatal varianced and constructively amended."

The transcript of the evidentiary hearing shows that Mr. Williams is mistaken: Mr. Holesinger argued that Mr. Williams's conviction on Count 1 should be vacated and he should get a new trial. *See* Status Conf. Tr. (Oct. 25, 2011), pp. 3-5, 7. At the resentencing hearing, Mr. Holesinger reiterated Mr. Williams's position that he had been unable to properly defend himself against the lesser included offenses during trial. *See* Resentencing Hrg. Tr. (Mar. 15, 2012), pp. 4-5, 10. The record confirms Mr. Holesinger raised the issues currently being cited by

Mr. Williams; that Mr. Holesinger didn't succeed on his argument that Mr. Williams's conviction should be set aside doesn't establish that he provided ineffective assistance. *See* <u>United States v. Recendiz</u>, 557 F.3d 511, 531 (7th Cir. 2009) ("'effective' does not mean successful or without flaw").

Mr. Williams also claims in Ground 1 that the prosecutor "deliberately violated the grand jury proceedings pursuant to Fed.R.Crim.P. (6) in which effected the petit jury," but his claim in this regard relates to his underlying conviction, not the resentencing proceedings. The court of appeals specified in its December 13, 2013 order that Mr. Williams can challenge the amended judgment entered March 15, 2012, "not the sentence that was the subject of his initial § 2255 [petition]." <u>Williams v. United States</u>, No. 13-2530, 2013 WL 8020940, at *2 (7th Cir. Dec. 13, 2013); *see also* <u>Suggs v. United States</u>, 705 F.3d 279, 282 (7th Cir. 2013) ("We have held that [Section 2255] motions after resentencing are not second or successive when they allege errors made during the resentencing, but they are second or successive when they challenge the underlying conviction."). Mr. Williams's unsupported statement about alleged "misconduct" by the prosecutor during the grand jury proceedings isn't a challenge to the resentencing judgment and so can't be raised in this Section 2255 petition.

## Ground 2 – Ineffective Assistance of Habeas Counsel

Mr. Williams next contends Mr. Holesinger provided ineffective assistance because he didn't object to the presentence investigation report "of the drug

4

amounts assessment in which constituted of (a) drug quantities based on direct contradictory testimony and (b) impermissible averaged numbers to reach conclusionary estimates," and because counsel didn't call Mr. Williams to testify on his own behalf at the resentencing hearing.

The issue of the drug quantity used in resentencing Mr. Williams – 1.678 kilograms – was resolved against Mr. Williams and affirmed on appeal. *See* United States v. Williams, 486 Fed. App'x 613 (7th Cir. 2012). The appellate court reviewed the bases for the drug quantities contained in the presentence investigation report and found that those amounts exceeded the 840 gram threshold of the applicable base offense level. 486 Fed. App'x at 614; *see also* U.S.S.G. § 2D1.1(c)(3) [2011 version] (providing a base offense level of 34 for crimes involving more than 840 grams, but less than 2.8 kilograms, of crack cocaine). Thus, the law of the case bars Mr. Williams's claims about the drug quantity applicable to his case. *See* Jarrard v. CDI Telecomm., Inc., 408 F.3d 905, 912 (7th Cir. 2005) (The law of the case doctrine "is a rule of practice, based on the sound policy that, when an issue is once litigated and decided, that should be the end of the matter.").

Even if this issue hadn't been decided on appeal, Mr. Williams is mistaken when he says Mr. Holesinger didn't object to the drug amounts in the presentence investigation report. Mr. Holesinger argued at the resentencing hearing that the drug quantities being alleged were untrustworthy: he asserted that the drug amounts were based on unreliable testimony from drug dealers and users and

prostitutes; he noted that the government had no evidence of any drug buys made by informants; and he complained that no drugs were available to be tested. *See* Resentencing Hrg. Tr. (Mar. 15, 2012), pp. 8-11. The court overruled Mr. Holesinger's arguments with respect to the drug quantities, but that doesn't mean the arguments weren't well made, or, as Mr. Williams asserts, not made at all. *See* Risner v. United States, Nos. 3:11-CV-106 & 3:08-CR-49, 2012 WL 839208, at *4 (N.D. Ind. Mar. 8, 2012) ("Mr. Risner's attorney made at least two cognizable arguments against the obstruction of justice enhancement; that the court did not accept those arguments does not mean that Mr. Risner was denied the effective assistance of counsel."). To succeed on a Strickland claim, Mr. Williams must show that his counsel's performance was grossly incompetent to the point that the attorney was not acting as counsel. Because the record shows that Mr. Holesinger did raise objections to the drug quantities proposed in the presentence investigation report, Mr. Williams can't prevail on his claim that counsel provided ineffective assistance in this regard.

Mr. Williams also claims Mr. Holesinger was ineffective when he didn't call Mr. Williams to testify at the resentencing hearing. While Mr. Holesinger didn't call Mr. Williams as a witness, Mr. Williams was given a chance to, and did in fact, speak on his own behalf. *See* Resentencing Hrg. Tr. (Mar. 15, 2012), pp. 12-17. Thus, Mr. Williams can't establish the second element of Strickland, *i.e.*, that his defense was prejudiced. His claim of ineffective assistance of counsel in this instance is without merit.

**Grounds 3 & 5 – Ineffective Assistance of Habeas Counsel**

Ground 3 contains Mr. Williams's claims that Mr. Holesinger was ineffective because he didn't object that Mr. Williams "had received a improper jury instruction on 'cocaine base,' that it simply means 'crack' for the purpose of the conviction on the 50 grams and to be sentenced on a enhanced penalty § 841(b)(1)(A)iii" and didn't object that the jury wasn't instructed "that the chemical basic form free base and coca paste, also, afford Williams a test of the alleged substance to contradict the testimony of the unreliable witnesses." In Ground 5, Mr. Williams contends Mr. Holesinger's representation was "deficient and prejudicial" because he didn't object that Mr. Williams's "Sixth Amendment was violated because he [] was deprived to face his accuser that alleged he sold 50 grams or more of crack cocaine in furtherance of a firearm in violation of § 841(a)(1) and § 924(c)."

Mr. Williams can't raise these issues. His arguments relate to alleged errors at trial, not resentencing. The court of appeals specified in its December 13, 2013 order that Mr. Williams can challenge the amended judgment entered March 15, 2012, "not the sentence that was the subject of his initial § 2255 [petition]." Williams v. United States, No. 13-2530, 2013 WL 8020940, at *2 (7th Cir. Dec. 13, 2013); *see also* Dahler v. United States, 259 F.3d 763, 765 (7th Cir. 2001) ("[A] belated challenge to events that precede a resentencing must be treated as a collateral attack on the original conviction and sentence, rather than as an initial challenge to the latest sentence."). Because Mr. Williams's claims in Grounds 3

and 5 relate to his trial (issues that could have been, but weren't, raised in the appeal of his conviction and his first Section 2255 petition), he is barred from raising them as a challenge to his resentencing judgment.

### Grounds 4 – Ineffective Assistance of Counsel on Appeal

Mr. Williams claims in Ground 4 that Mr. Holesinger provided ineffective assistance by not requesting "a certificate of appealability on all of the denied claims on § 2255 petition" and not obtaining clarification on which claim was granted before filing a notice of appeal.

Mr. Holesinger filed a Notice of Appeal on March 23, 2012 of the "Amended Judgment of a Conviction and Sentence arising from the 28 U.S.C. § 2255 entered on March 15, 2012." On June 5, before briefing began in Mr. Williams' appeal, the court of appeals appointed substitute appellate counsel to replace Mr. Holesinger as counsel for Mr. Williams. Thus, while Mr. Holesinger didn't request that a certificate of appealability be issued, he timely filed a notice of appeal. Mr. Williams hasn't shown – nor can he show – that Mr. Holesinger's performance in this regard prejudiced him in any way: substitute appellate counsel was appointed and his appeal went forward.

### Grounds 6 – Ineffective Assistance of Counsel on Appeal

Ground 6 contains Mr. Williams's claim that appellate counsel Yates French "was deficient and prejudicial on appeal" because Mr. French (1) stated that "the

appeals court was without jurisdiction to hear ground 2 claim and then abandoned the issue dealing with the duplicitous indictment," and (2) failed "to argue that the duplicitous indictment caused a adverse affect in which prevented review, allowed the government to shape the evidence and caused the indictment to be fatal varianced and constructively amended."

Mr. Williams complains that Mr. French didn't present the issues for appeal that Mr. Williams believes he should have. Mr. Williams submits his own affidavit statement that he told Mr. French what issues to raise and what arguments to make on appeal and also asked that Mr. French file "a motion with the appeals court and the district court in a 60(b) motion to request that ground (2) and (6) be adjudicated and request a certificate of appealability on all issues that was denied." Pet'r Memo., Williams Aff., ¶ 4.

Mr. Williams provides a copy of Mr. French's response to Mr. Williams's requests and suggestions regarding his appeal. In a letter dated September 5, 2012, Mr. French advised Mr. Williams that

> . . . I do not think filing your motion or advancing the arguments you have included in your letter is advisable or appropriate. I think there are some legal errors in the arguments, especially your claims that either the district or appellate courts lack (or lacked) jurisdiction over your case. Filing your motion or making the arguments you suggest will likely aggravate the appeals court and hurt, not help, your appeal. . . . I have read your draft argument that the district court lacked jurisdiction to resentence you. I did not see any cases cited for the proposition that a district court lacks jurisdiction to resentence a defendant after a § 2255 petition is filed. And the law is clear that resentencing is an appropriate remedy for cases such as yours. . . . For all these reasons, I will not be able to file your Motion to Remand for Findings of Fact and Conclusions of Law or to make the

> arguments you have drafted in your letter. What I will do is draft the
> best appellate brief I can and argue on your behalf to the best of my
> ability. Please respond in writing by Monday, September 17, 2012, if
> you understand and accept that I will not be filing your motion or
> making your arguments.

Pet'r Memo., Exh. D. Mr. Williams's response to Mr. French's request is found at the bottom of Mr. French's letter where Mr. Williams hand wrote the following: "Yes, I understand and accept what your saying. Jerome Williams, Jr."

An attorney isn't required to disregard his own professional training and experience just because his client demands that counsel raise certain issues or make certain arguments. An attorney's duty isn't to raise every conceivable defense or argument, for a "lawyer has an obligation to be truthful and forthright with the court, [and] he has no duty to make a frivolous argument." <u>Fuller v. United States</u>, 398 F.3d 644, 652 (7th Cir. 2005) (quotation removed). Too, the court of appeals has told appellate attorneys to choose issues carefully rather than relying on a barrage of issues; a large number of issues implies that counsel doesn't think any of them are strong enough to prevail on their own. <u>Dynegy Marketing and Trade v. Multitut Corp.</u>, 648 F.3d 506, 513 (7th Cir. 2011). "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." <u>Strickland v. Washington</u>, 466 U.S. 668, 689 (1984).

The "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged

action might be considered sound [appellate] strategy." <u>Jones v. Page</u>, 76 F.3d 831, 840 (7th Cir. 1996) (*quoting* <u>Strickland v. Washington</u>, 466 U.S. 668, 689 (1984)). Mr. Williams hasn't overcome that presumption. The evidence Mr. Williams submitted shows that his counsel reviewed and considered the issues and arguments advanced by Mr. Williams and determined that those arguments contained legal errors that made them inappropriate for appeal. Mr. French reported to Mr. Williams that (i) no cases support Mr. Williams's assertion that the court lacked jurisdiction to resentence him based on the claims of his Section 2255 petition; (ii) the court of appeals didn't lack jurisdiction to consider his appeal even if, as Mr. Williams believes, this court didn't make findings of fact and conclusions of law on Ground 2 of his initial Section 2255 petition; and (iii) "the law is clear that resentencing is an appropriate remedy for cases such as yours." Mr. French also told Mr. Williams, citing <u>United States v. Kelly</u>, 519 F.3d 355 (7th Cir. 2008), that "the lesser included offense of violating 21 U.S.C. § 841(a) by distributing *any* cocaine base is included in an allegation that the defendant violated 21 U.S.C. § 841(a) by distributing a specific amount of cocaine base" (emphasis in original). That Mr. French rejected the legal arguments and issues Mr. Williams proposed for appeal doesn't establish that Mr. French provided ineffective assistance. "It is well-established that appellate attorneys do not have to present losing arguments to provide constitutionally effective assistance of counsel." <u>Woods v. United States</u>, No. 09 C 4925, 2009 WL 3787904, at *7 (N.D. Ill. Nov. 12, 2009).

Mr. Williams hasn't demonstrated that counsel failed to pursue a legitimate strategy on appeal nor has he established that "there is a strong probability that but for counsel's unprofessional errors, the result of the proceeding would have been different, meaning a probability sufficient to undermine confidence in the outcome." Hoffman v. United States, No. 3:09-CV-106, 2009 WL 1285906, at *3 (N.D. Ind. May 4, 2009). Mr. Williams isn't entitled to the relief he seeks on Ground 6 of his petition.

## Ground 7 – Resentencing Violated Supreme Court's Rulings in Alleyne v. United States, 133 S. Ct. 2151 (2013), and Berger v. United States, 295 U.S. 78 (1935)

Mr. Williams presents the following issues in Ground 7: "Whether Alleyne constitutes a constructive amendment to Williams indictment when: (1) his statutory minimum was enhanced to a mandatory life pursuant to § 841(b)(1)(A) for 50 or more grams of crack cocaine when no rational jury could find him guilty of the grand jury charge, and (2) whether the prosecutor's misconduct violated Williams due process to be tried on the indictment in which deprived him at sentencing pursuant to Berger."

Mr. Williams first claims that the Supreme Court held in Alleyne v. United States, 133 S. Ct. 2151 (2013), that his resentencing was unconstitutional "because any facts that increase Williams mandatory minimum sentence is a element and must be presented to the grand jury then to the jury and found beyond a reasonable doubt." Pet'r Memo., at 32. He claims that "when the

government failed its burden of proof and not establish the 50 or more grams, Williams is actually innocent of the charge in which the grand jury returned."

The Supreme Court in <u>Alleyne v. United States</u> held that any fact that increases the mandatory minimum sentence must be submitted to the jury. 133 S. Ct. at 2161-2163. The defendant in that case was found guilty of violating 18 U.S.C. § 924(c)(1)(A), which carried a statutory minimum sentence of 5 years. The sentencing court found that the defendant had "brandished" his weapon, a finding not made by the jury, which resulted in an increase of the statutory minimum sentence to 7 years. The Supreme Court concluded that the question of whether the defendant had "brandished" his weapon was one for the jury, not the court, because that finding increased the minimum sentence: "Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 1255.

<u>Alleyne</u> doesn't apply here because Mr. Williams's sentencing range was reduced at resentencing, not "enhanced to life" as he suggests. Mr. Williams was found guilty in November 2008 of violating 21 U.S.C. § 841(a)(1) and was sentenced to life imprisonment under 21 U.S.C. § 841(b)(1)(A), which provides for a sentence of 20 years to life if the crime was committed by the defendant "after a prior conviction for a felony drug offense [that] has become final." At the time of his initial sentencing in April 2009, Mr. Williams had two prior drug-related felony convictions. In March 2012, Mr. Williams's sentence was reduced from a life term

to 30 years under 21 U.S.C. § 841(b)(1)(C), which provides for a maximum sentence of 30 years if the defendant commits the crime "after a prior conviction for a felony drug offense [that] has become final." At the time of the resentencing in 2012, Mr. Williams had two prior drug-related felony convictions. The question of an increase in the statutory minimum sentence didn't come into play in Mr. Williams's case, and he can't prevail on his claim that his resentencing was unconstitutional under Alleyne v. United States.

Mr. Williams also claims his due process rights were violated when the prosecutor misled "the grand jury to indict Williams on 50 grams or more . . . by manufacturing jurisdiction when he combinding uncharged § 841(a)(1) offense that is constituted by congress to be indicted separately, . . . thus confused the grant jury. On top of this misconduct, the prosecutor never had any evidence wire taps, audio, video recordings, control buys, drugs, or guns, to even bring to this court and show a crime happened." Pet'r Memo., at 33.

Mr. Williams's claims in this instance relate to alleged errors at trial, not resentencing. As already noted, the court of appeals specified that Mr. Williams could challenge the amended judgment entered March 15, 2012, "not the sentence that was the subject of his initial § 2255 [petition]." Williams v. United States, No. 13-2530, 2013 WL 8020940, at *2 (7th Cir. Dec. 13, 2013); *see also* Suggs v. United States, 705 F.3d 279, 282 (7th Cir. 2013) ("We have held that [Section 2255] motions after resentencing are not second or successive when they allege errors made during the resentencing, but they are second or successive when they

challenge the underlying conviction."). Because Mr. Williams's second claim in Ground 7 relates to his trial, he can't raise it as a challenge to his resentencing judgment and so isn't entitled to the relief he seeks.

## Conclusion

Mr. Williams hasn't demonstrated any meritorious claims of ineffective assistance of counsel: he hasn't shown that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," nor has he shown any errors by counsel that were so serious that they rendered the result in this court or the court of appeals unreliable. Strickland v. Washington, 466 U.S. at 687. According, the court

(1) DENIES as moot Mr. Williams's motion for discovery [docket # 240];

(2) DENIES as moot Mr. Williams's motion to compel judgment [docket # 250]; and

(3) DENIES Mr. Williams's petition filed pursuant to 28 U.S.C. § 2255 [docket # 237].

SO ORDERED.

ENTERED:   September 17, 2014  

   /s/ Robert L. Miller, Jr.      
Judge, United States District Court

cc:   J. Williams
      AUSA Schmid