UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEROME WILLIAMS, JR., )<br>)<br>Petitioner )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | CAUSE NO. 3:10-CV-531 RLM<br>(Arising out of 3:08-CR-72) |

## OPINION and ORDER

The record of this case shows that the court denied Mr. Williams' § 2255 petition on the merits on September 17, 2014, and a final judgment was entered the following day. Mr. Williams' appeal of that order was denied by the court of appeals on July 27, 2015, and his request to the Seventh Circuit for rehearing en banc was denied on July 31, 2015. Following those decisions, Mr. Williams filed a request (on August 27, 2015) to reopen his § 2255 petition pursuant to Federal Rule of Civil Procedure 60(b)(4)(6) and a further request (on September 8, 2015) to amend his § 2255 petition under Federal Rule of Civil Procedure 15(c) to add new claims that his due process rights were violated and his counsel was ineffective by failing to bring to the court's attention the fact that the court lacked subject matter jurisdiction over his case.

While Federal Rule of Civil Procedure 15 permits amendments to pleadings, leave to amend isn't appropriate here because Mr. Williams is, in reality, seeking to submit a second or successive petition, not a mere amendment to his earlier

petition. Mr. Williams' § 2255 petition challenging his resentencing was decided on the merits by this court and by the court of appeals. He now seeks another bite at the apple by raising new claims that he could have – but did not – include in his initial petition. "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." Potts v. United States, 210 F.3d 770, 770 (7th Cir. 2000). Styling his new claims as "amendments" to a prior petition can't make a difference; if it did, any prisoner would be able to evade the AEDPA's bar on successive petitions simply by insisting that new substantive claims "amend" a petition already denied on the merits.

Mr. Williams hasn't identified any authority suggesting that a petitioner may "amend" a § 2255 petition with new claims after the petition has been denied on the merits without first seeking leave of the court of appeals. The court, therefore, DENIES his motions to reopen [docket # 268] and to amend [docket # 269], and DENIES as moot his motion for a status update [docket # 278].

SO ORDERED.

ENTERED:   June 13, 2016

/s/ Robert L. Miller, Jr.
Judge, United States District Court

cc:   J. Williams

2